## THURMES *v.* GRUENBAUER.

1. SPECIFIC PERFORMANCE—REPLEVIN—REMOVAL OF MACHINERY AND FIXTURES UNDER OIL AND GAS LEASE.

Lessee under an oil and gas lease wherein it was provided he should have the right to remove all machinery and fixtures placed on the premises, including casing, was not relegated to action at law of replevin, suit for specific enforcement of the contract rights being proper remedy.

2. MINES AND MINERALS—SPECIFIC PERFORMANCE—ACIDIZATION OF WELL TO RESTORE PRODUCTIVITY.

In suit by lessee under oil and gas lease of two-acre tract to enjoin lessor's interference with removal of oil-well casing after having made long-continued and good-faith efforts to restore well to production after it had been curtailed and after a well had been established on an eight-acre adjoining tract, relief of specific enforcement of clause of lease permitting removal of casing is not denied because lessee did not acidize the well in view of the problematical nature of an opinion to that effect expressed by a witness who had visited the well to estimate the salvage value of the well equipment.

Appeal from Kent; Brown (William B.), J. Submitted January 9, 1945. (Docket No. 58, Calendar No. 42,860.) Decided February 20, 1945.

Bill by Carl W. Thurmes and W. T. Burke, doing business as Great Oil Syndicate, against Howard H. Gruenbauer and wife to restrain interference with removal of oil-well casing and personal property of plaintiffs from defendant's property. Decree for plaintiffs. Defendants appeal. Affirmed.

*Lilly & Luyendyk,* for plaintiffs.

*Wencel A. Milanowski* (*Henry J. Milanowski*, of counsel), for defendants.

Wiest, J. Defendants owned two acres of land in Kent county and, February 20, 1939, executed an oil and gas lease thereof, with rights thereunder now held by plaintiffs. A producing well was established but its output, considering the acreage, exceeding the regulations of the State conservation department, was cut down to an unprofitable quantity unless operated as a part of a 10-acre unit. On an adjoining eight acres an oil and gas well was established by other parties and the lessee of the two-acre parcel claimed that, with the consent of defendant lessors, a co-operative agreement was made whereby the two acres and the eight acres would constitute a producing unit, with production proceeds divided according to acreage so pooled. This led to issues involved in *Smith Petroleum Co. v. Van Mourik,* 302 Mich. 131, where we held the lessors of the two-acre tract were not bound by the claimed pool or community agreement. During such litigation the oil well of the two-acre parcel was not operated.

After the mentioned decision, good-faith efforts were made by plaintiffs herein to repair the oil well and render it a producer, but resulted in obtaining a mere driblet of oil. Thereupon plaintiffs ceased operation and sought to remove the equipment but were stopped by defendants ordering them from the premises. Then plaintiffs filed the bill herein in equity to enjoin defendants from preventing removal of the equipment and to permit plaintiffs to go upon the premises, pull the well and remove the equipment placed upon the premises under the lease. Defendants appeal from an injunction restraining them from interfering with the re-

moval of the equipment and the leave granted by the court to plaintiffs to go upon the premises and remove the equipment.

The lease provided:

"Lessee shall have the right at any time to remove all machinery and fixtures placed on said premises, including the right to draw and remove casing."

Defendants contend that plaintiffs' remedy, if any, was at law in an action of replevin.

This suit was not an action of replevin but a bill in equity for enforcement of specific contract rights, under the terms of the lease, to remove the well and equipment and to restrain defendants' interference therewith.

Defendants contend the well should have been acidized. One of their witnesses who visited the well, to estimate for another person the salvage value of the well equipment, expressed the opinion that the well would again become a producer if acidized. We think this opinion too problematical, considering the long-continued and good-faith efforts of plaintiffs to make the well a producer, to deny relief because the well was not acidized.

The relief granted plaintiffs was properly invoked, fully supported by the record, and is affirmed, with costs to plaintiffs.

STARR, C. J., and NORTH, BUTZEL, BUSHNELL, SHARPE, BOYLES, and REID, JJ., concurred.